**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4264
_____

WATCHUNG SPRING WATER CO., INC.,

Appellant

v.

NESTLE WATERS NORTH AMERICA INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-14-cv-04984)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2014

Before: FUENTES, FISHER, and KRAUSE, *Circuit Judges*

(Filed: December 22, 2014)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Watchung Spring Water Co., Inc. ("Watchung") appeals the District Court's denial

of its application by order to show cause for a preliminary injunction.

In 1994, Watchung and Nestlé Waters North America Inc. ("Nestlé") entered into a

distributor agreement that provided Watchung with an exclusive right to distribute certain

Nestlé water products in specific counties in New Jersey.[1] After executing the agreement,

Watchung relocated from northern to southern New Jersey, and opened a facility in

Lakewood from which it conducts all its operations.

Article XVI of the distributor agreement provides that the agreement shall

automatically renew for ten successive ten-year periods unless either party notifies the

other party in writing at least six months prior to the expiration of the current term that it

does not intend to renew the agreement. On May 16, 2014, Nestlé sent Watchung a letter

providing notice that it did not intend to renew the agreement beyond the term ending on

December 31, 2014. In the following months, Nestlé proposed that Watchung serve as a

non-exclusive distributor, but the parties were unable to reach an agreement.

Watchung filed a complaint and application for a preliminary injunction on August

7, 2014, alleging that Nestlé's termination violated the New Jersey Franchise Practices

Act (the "Act"), N.J. Stat. Ann. §§ 56:10-1 *et seq.*, and breached the terms of the

distributor agreement. After a hearing, the District Court denied the request for injunctive

relief, concluding that Watchung had failed to establish likelihood of success on the

---

[1] Nestlé was known as Great Spring Waters of America, Inc. in 1994.

merits.

The District Court explained that the Act applies only to a franchise "the performance of which contemplates or requires the franchisee to establish or maintain a place of business within the State of New Jersey." N.J. Stat. Ann. § 56:10-4(a). "Place of business," in turn, is defined as "a fixed geographical location at which the franchisee displays for sale and sells the franchisor's goods or offers for sale and sells the franchisor's services. Place of business shall not mean an office, a warehouse, [or] a place of storage." *Id.* § 56:10-3(f). According to the New Jersey Supreme Court, to satisfy the place of business requirement, "there must be a sales location in New Jersey. Mere distribution through an office or warehouse would not qualify." *Instructional Sys., Inc. v. Computer Curriculum Corp.*, 614 A.2d 124, 137 (N.J. 1992) (internal citations and quotation marks omitted); *see also Fischer Thompson Beverages, Inc. v. Energy Brands Inc.*, No. 07-4585, 2007 WL 3349746, at *3 (D.N.J. Nov. 9, 2007) ("[T]he 'place of business' requirement would at least require some substantial level of marketing to the customer or other sales-related interplay with customers at the location.").

The District Court held that Watchung did not establish likelihood of success on the merits because it had significant doubts that the Lakewood facility qualifies as a place of business within the meaning of the Act. The distributor agreement does not contemplate a sales location, but instead, requires only that Watchung maintain adequate facilities for storing, loading, and unloading Nestlé products. In other words, Watchung is required to maintain what can fairly be described as a warehouse. Moreover, the District Court found

3

that the vast majority of the Lakewood facility is, in fact, used as a warehouse, and that direct sales to customers at the facility are not substantial.

On appeal, Watchung contends that the District Court erred in denying it injunctive relief because Nestlé's termination violated the Act and breached the terms of the distributor agreement. As to its argument concerning breach of the distributor agreement, Watchung points out that the District Court did not address this issue. Article XX of the distributor agreement provides that no change, modification, extension, renewal, ratification, rescission, discharge, abandonment, or waiver of the agreement shall be binding on either party unless made in writing and signed on behalf of each party by one of its officers. Nestlé breached this provision, Watchung maintains, because, Jodi Elliot of Nestlé, who is not an officer, sent the May 2014 termination notice to Watchung. This argument is meritless. Article XX, which is a general integration clause, does not apply to non-renewal. Watchung ignores Article XVI, which specifically covers non-renewal and provides that either party may terminate the agreement by notifying the other party in writing. Article XVI says nothing about officers. If the parties wanted to require an officer to deliver the notice of non-renewal, it would have been easy enough for them to draft language to that effect in Article XVI. Furthermore, Article XX makes no sense in the context of non-renewal because it requires the signatures of both parties, but termination may, by its nature, be a unilateral act.

After a careful review of the record and the parties' arguments, we find that the denial of Watchung's application by order to show cause for a preliminary injunction was

4

proper. For the foregoing reasons and for the reasons substantially stated by the District

Court, we will affirm.